KIMBALL and ROWE *v.* BROWN and DAVIS, 25 Wend. 259,

In S. Ct. 19 Wend. 437.

*Evidence; Subscribing Witness.*

THE only point in this case upon which the Supreme Court was adjudged by the Court of Errors to have *erred*, was with regard to the sufficiency of the *proof of the hand-*

*writing of the subscribing witnesses to a deed of land* for which this action was brought.

The Supreme Court held, that proof of the handwriting of the subscribing witnesses to a deed, is sufficient evidence of its execution, although the witnesses be dead, and the party seeking to establish the deed is not bound, in addition to such testimony to give evidence of the handwriting of the grantor, or of other facts to show his identity.

The Court of Errors held, that the proof of the handwriting of deceased subscribing witnesses to a deed, is not sufficient evidence of its execution to *entitle it to be read to the jury*, where the *deed on its face* excites *suspicion of fraud*. The party producing it must in such case, give evidence explaining the suspicious circumstances, or proving the identity of the grantor ; and *reversed* the judgment of the Supreme Court, by a vote of 11 to 9.

The *suspicious circumstance* in this case, was that in a printed deed describing the grantor as of the commonwealth of Massachusetts, and dated in January, 1770, (conveying the land in question,) in the word *seventy*, the last *syllable*, " *ty*," was like the words " commonwealth of Massachusetts," &c., *printed*, but the two first *"sev-en,"* were written on an *erasure*. A clerk of the register of deeds of the county of Essex, Massachusetts, in which courts *Gloucester* also was, testified that he had examined the records of the office at Salem, in said county, from 1765 to 1780, and that the word " commonwealth," did not occur in such records, until he found it in a deed dated May 10, 1780. That in all the rest it was called " the *province* of Massachusetts Bay," or the " *state* of Massachusetts." This the Court of Errors held sufficient to put the plaintiff upon the explanatory proof indicated by the decision, before *the deed could be read to the jury*.

☞ In *Northrop* v. *Wright*, 7 Hill, 476, in error, Chancellor Walworth denies the foregoing case of *Kimball* v. *Brown* to be law, except in cases *precisely similar*.